# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50066 | **DATE** | 10/5/2011 |
| **CASE TITLE** | Mendoza v. Cellusuede Products Inc. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [38] is granted. Plaintiff's complaint is dismissed without prejudice. Within 30 days of this order, plaintiff's appointed counsel is directed to either (1) file an amended complaint, if he can do so consistent with his Rule 11 obligations, or (2) file a motion for relief from appointment, pursuant to Local Rule 83.38(a)(5), explaining why he cannot file an amended complaint. Failure to file an amended complaint or otherwise comply with this order will result in this case being dismissed with prejudice without further notice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this employment discrimination action, plaintiff, Octavio Mendoza, has filed a pro se complaint against defendant, Cellusuede Products Inc., alleging that he was terminated on account of his disability, in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. Currently before the court is defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss is granted.

In his pro se complaint, plaintiff alleged the following facts. "Plaintiff injured his back on 7/31/07 at work. Upon return to work with restrictions Defendant did not honor restrictions, refused to provide proper medical treatment. Plaintiff was laid off on 1/25/08 because business was low. Kept employees with less seniority." Plaintiff also attached several documents related to his charge of discrimination that was filed with the Equal Employment Opportunity Commision ("EEOC"). Among the documents attached is a one-page narrative, which is unsigned but presumably written by plaintiff. The narrative is difficult to follow,[1] but overall it appears to allege that defendant improperly withheld medical treatment from plaintiff for an injury he suffered at work, in violation of the Illinois Worker's Compensation Act ("IWCA"). See Narrative ("[T]hey discriminated me because they didn't pay my spine doctor so they didn't respect the law of Worker's Compensation Commission.").

On May 14, 2010, the court held a hearing on plaintiff's motion for leave to proceed in forma pauperis ("IFP"). After determining that plaintiff was not indigent, the court denied plaintiff's IFP motion and his motion to appoint counsel. Plaintiff paid the filing fee and the case was transferred to the magistrate judge. On September 10, 2010, plaintiff filed another motion to appoint counsel indicating that he had contacted several attorneys seeking representation, but that he had been unable to find an attorney due to a lack of money. The magistrate judge granted plaintiff's motion and appointed counsel to represent him. The first two attorneys appointed were subsequently granted leave to withdraw for various reasons, and on December 16, 2010, the

## STATEMENT

magistrate judge appointed John Guzzardo as counsel for plaintiff. At a status hearing on January 7, 2011, the magistrate judge ordered an amended complaint filed by April 4, 2011, and extended the time to effect service under Rule 4. Although defendant was served, no amended complaint was ever filed by counsel.

On May 27, 2011, defendant filed the instant motion to dismiss, arguing that plaintiff's complaint fails to establish a prima facie case of discrimination under the ADA,[2] and that his claims are precluded by the exclusivity provision of the IWCA. In response, plaintiff's appointed counsel argues that the allegations of plaintiff's pro se complaint, when read together with plaintiff's narrative statement of facts attached to the complaint, establish a prima facie case of disability discrimination. The court disagrees. The allegations in the complaint do nothing to suggest that plaintiff was terminated on account of his disability. In fact, the complaint specifies that plaintiff was laid off "because business was low." Counsel's attempt to save this deficient pleading by referring the court to the attached narrative is of no avail, because as the court has already pointed out, the narrative is confusing and difficult to follow. The narrative certainly does not qualify as "a short and plain statement of the claim," as required by Rule 8(a)(2).

In short, the court finds that plaintiff's pro se complaint fails to state a claim for relief under the ADA, and defendant's motion to dismiss is granted.[3] However, the dismissal shall be without prejudice at this time. Within 30 days of this order, plaintiff's appointed counsel is directed to either (1) file an amended complaint, if he can do so consistent with his Rule 11 obligations, or (2) file a motion for relief from appointment, pursuant to Local Rule 83.38(a)(5), explaining why he cannot file an amended complaint. Failure to file an amended complaint or otherwise comply with this order will result in this case being dismissed with prejudice without further notice.

---

1. The following sentence from plaintiff's narrative is representative of how the entire statement is difficult to follow:

> Every thing is discrimination me but here they gave me laid off to wash there hands and getting rid of me they didn't give me my spine doctor because they didn't want professional evidence so I'll do justice but they had to cure me with a professional doctor not because they wanted to because they have an IME evaluation they had all right given me laid off (1/25/2008 big mistake of the company) they gave me laid off but didn't give me an IME evaluation or a compensation my doctor didn't release me that discrimination, that make me feel that I'm nothing in this world not even a animal because a animal get treated better than I.

2. Defendant also argues that plaintiff failed to establish a claim under the Rehabilitation Act, although it does not appear that plaintiff is making such a claim, or that such a claim would be appropriate in this case. See King v. City of Madison, 550 F.3d 598, 600 (7th Cir. 2008) (explaining that the Rehabilitation Act applies only to programs receiving federal financial assistance).

3. Because the complaint fails to state a claim, the court need not decide whether the exclusivity provision of the IWCA would also bar recovery on plaintiff's pro se claims.